1  SANDRA R. BROWN
   Acting United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   POONAM G. KUMAR (Cal. Bar No. 270802)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0719
7       Facsimile: (213) 894-6269
        E-mail:    poonam.kumar@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,          No. CR 17-310-PSG

13         Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                      GABRIEL MARTIN REED
14              v.

15 GABRIEL MARTIN REED,

16         Defendant.

17

18      1.   This constitutes the plea agreement between GABRIEL MARTIN

19 REED ("defendant") and the United States Attorney's Office for the

20 Central District of California (the "USAO") in the above-captioned

21 case.  This agreement is limited to the USAO and cannot bind any

22 other federal, state, local, or foreign prosecuting, enforcement,

23 administrative, or regulatory authorities.

24                   DEFENDANT'S OBLIGATIONS

25      2.   Defendant agrees to:

26         a.   At the earliest opportunity requested by the USAO and

27 provided by the Court, appear and plead guilty to count five of the

28 information in United States v. Gabriel Martin Reed, CR No. 17-310-

1    PSG, which charges defendant with wire fraud in violation of 18

2    U.S.C. § 1343.

3            b.    Not contest facts agreed to in this agreement.

4            c.    Abide by all agreements regarding sentencing contained

5    in this agreement.

6            d.    Appear for all court appearances, surrender as ordered

7    for service of sentence, obey all conditions of any bond, and obey

8    any other ongoing court order in this matter.

9            e.    Not commit any crime; however, offenses that would be

10   excluded for sentencing purposes under United States Sentencing

11   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12   within the scope of this agreement.

13           f.    Be truthful at all times with Pretrial Services, the

14   United States Probation Office, and the Court.

15           g.    Pay the applicable special assessment at or before the

16   time of sentencing unless defendant lacks the ability to pay and

17   prior to sentencing submits a completed financial statement on a form

18   to be provided by the USAO.

19           h.    Make restitution and not seek the discharge of any

20   restitution obligation, in whole or in part, in any present or future

21   bankruptcy proceeding.

22                          THE USAO'S OBLIGATIONS

23       3.   The USAO agrees to:

24           a.    Not contest facts agreed to in this agreement.

25           b.    Abide by all agreements regarding sentencing contained

26   in this agreement.

27           c.    At the time of sentencing, move to dismiss the

28   remaining counts of the information as against defendant.  Defendant

                                    2

1  agrees, however, that at the time of sentencing the Court may

2  consider any dismissed charges in determining the applicable

3  Sentencing Guidelines range, the propriety and extent of any

4  departure from that range, and the sentence to be imposed.

5            d.    At the time of sentencing, provided that defendant

6  demonstrates an acceptance of responsibility for the offense up to

7  and including the time of sentencing, recommend a two-level reduction

8  in the applicable Sentencing Guidelines offense level, pursuant to

9  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10 additional one-level reduction if available under that section.

11           e.    Recommend that defendant be sentenced to a term of

12 imprisonment no higher than the low end of the applicable Sentencing

13 Guidelines range provided that the offense level used by the Court to

14 determine that range is 24 or higher and provided that the Court does

15 not depart downward in offense level or criminal history category.

16 For purposes of this agreement, the low end of the Sentencing

17 Guidelines range is that defined by the Sentencing Table in U.S.S.G.

18 Chapter 5, Part A.

19           f.    Not oppose defendant's request for Court

20 recommendation of enrollment in the Residential Drug Abuse Program

21 ("RDAP").

22                      NATURE OF THE OFFENSE

23    4.   Defendant understands that for defendant to be guilty of

24 the crime charged in count five, that is, wire fraud, in violation of

25 Title 18, United States Code, Section 1343, the following must be

26 true: (1) defendant knowingly devised a scheme or plan to defraud, or

27 a scheme or plan for obtaining money or property by means of false or

28 fraudulent pretenses, representations or promises; (2) the statements

1  made or facts omitted as part of the scheme were material; that is,

2  they had a natural tendency to influence, or were capable of

3  influencing, a person to part with money or property; (3) defendant

4  acted with the intent to defraud, that is, the intent to deceive or

5  cheat; and (4) defendant used, or caused to be used, a wire

6  communication to carry out or attempt to carry out an essential part

7  of the scheme.

8                     PENALTIES AND RESTITUTION

9       5.   Defendant understands that the statutory maximum sentence

10  that the Court can impose for a violation of Title 18, United States

11  Code, section 1343, is:  a 20-year term of imprisonment, a 3-year

12  period of supervised release, a fine of $250,000 or twice the gross

13  gain or gross loss resulting from the offense, whichever is greatest;

14  and a mandatory special assessment of $100.

15      6.   Defendant understands that supervised release is a period

16  of time following imprisonment during which defendant will be subject

17  to various restrictions and requirements.  Defendant understands that

18  if defendant violates one or more of the conditions of any supervised

19  release imposed, defendant may be returned to prison for all or part

20  of the term of supervised release authorized by statute for the

21  offense that resulted in the term of supervised release, which could

22  result in defendant serving a total term of imprisonment greater than

23  the statutory maximum stated above.

24      7.   Defendant understands that defendant will be required to

25  pay full restitution to the victims of the offense to which defendant

26  is pleading guilty.  Defendant agrees that, in return for the USAO's

27  compliance with its obligations under this agreement, the Court may

28  order restitution to persons other than the victims of the offenses

4

1 | to which defendant is pleading guilty and in amounts greater than
2 | those alleged in the count to which defendant is pleading guilty.  In
3 | particular, defendant agrees that the Court may order restitution to
4 | any victim of any of the following for any losses suffered by that
5 | victim as a result: (a) any relevant conduct, as defined in U.S.S.G.
6 | § 1B1.3, in connection with the offense to which defendant is
7 | pleading guilty; and (b) any counts dismissed pursuant to this
8 | agreement as well as all relevant conduct, as defined in U.S.S.G.
9 | § 1B1.3, in connection with those counts.
10 |     8.    Defendant understands that, by pleading guilty, defendant
11 | may be giving up valuable government benefits and valuable civic
12 | rights, such as the right to vote, the right to possess a firearm,
13 | the right to hold office, and the right to serve on a jury.
14 | Defendant understands that once the court accepts defendant's guilty
15 | plea, it will be a federal felony for defendant to possess a firearm
16 | or ammunition.  Defendant understands that the conviction in this
17 | case may also subject defendant to various other collateral
18 | consequences, including but not limited to revocation of probation,
19 | parole, or supervised release in another case and suspension or
20 | revocation of a professional license.  Defendant understands that
21 | unanticipated collateral consequences will not serve as grounds to
22 | withdraw defendant's guilty plea.
23 |     9.    Defendant understands that, if defendant is not a United
24 | States citizen, the felony conviction in this case may subject
25 | defendant to: removal, also known as deportation, which may, under
26 | some circumstances, be mandatory; denial of citizenship; and denial
27 | of admission to the United States in the future.  The court cannot,
28 | and defendant's attorney also may not be able to, advise defendant

5

1  fully regarding the immigration consequences of the felony conviction

2  in this case.  Defendant understands that unexpected immigration

3  consequences will not serve as grounds to withdraw defendant's guilty

4  plea.

5                              FACTUAL BASIS

6       10.  Defendant admits that defendant is, in fact, guilty of the

7  offense to which defendant is agreeing to plead guilty.  Defendant

8  and the USAO agree to the statement of facts provided below and agree

9  that this statement of facts is sufficient to support a plea of

10  guilty to the charge described in this agreement and to establish the

11  Sentencing Guidelines factors set forth in paragraph 12 below but is

12  not meant to be a complete recitation of all facts relevant to the

13  underlying criminal conduct or all facts known to either party that

14  relate to that conduct.

15       Beginning at least in or about June 2008 and continuing to in or

16  around April 2017, in Los Angeles County, within the Central District

17  of California, and elsewhere, defendant, knowingly and with intent to

18  defraud, devised, participated in, and executed a scheme to defraud

19  investors, promoters, and performers who provided funds to defendant

20  in connection with musical concerts and World Wrestling Entertainment

21  events (collectively, the "victims") as to material matters, and to

22  obtain money and property from such victims by means of material

23  false and fraudulent pretenses, representations, and promises, and

24  the concealment of material facts.

25       Specifically, through oral statements and written materials,

26  defendant induced the victims to provide defendant with funds in

27  connection with events defendant and his company Gabe Reed

28  Productions ("GRP"), which had, at times, been involved in promoting

1  actual musical concerts, claimed to be promoting.  To obtain the

2  victims' funds, defendant made representations that were false and

3  concealed material facts, including representations that: events were

4  scheduled to go forward; certain performers had agreed to participate

5  in those events; and the victims' funds would be used to pay for

6  expenses in connection with the organization and promotion of those

7  events.  In truth and in fact, as defendant well knew, the

8  representations were false and concealed material facts because,

9  among other things: the events were never booked or defendant

10  intended to cancel the events in advance; the performers had not

11  agreed to participate in the events; and the victims' funds would not

12  be used to organize and promote the events.  Rather, defendant used

13  the victims' funds to pay his personal expenses, including payment of

14  his rent, utility bills, and travel expenses, which he failed to

15  disclose to the victims.  In reliance on defendant's false

16  representations, the victims directed funds to defendant and GRP by

17  wire or check.  Defendant's victims include, but were not limited to,

18  M.C., S.K., and I.F.

19      To execute his scheme to defraud, defendant used sophisticated

20  means, including, but not limited to, creating email addresses in the

21  names of other individuals and entities to convince his victims that

22  their funds were legitimately invested.  In addition, defendant

23  produced and distributed to victims fraudulent and fabricated artist

24  contracts, bank statements, and correspondence.

25      In furtherance of his scheme to defraud, defendant induced

26  victim M.C. to invest $100,000 with defendant in or around October

27  2015 for a "Titans of Rock" tour purportedly scheduled for March of

28  2016.  In order to secure the investment, defendant made material

7

1  representations to M.C., including that the tour would include

2  several well-known performers and that M.C.'s investment would be

3  used to pay the performers.  In making these false representations,

4  defendant acted with the intent to defraud.  As an essential part of

5  the scheme, defendant caused M.C. to transfer, on or about October 6,

6  2015, $50,000 from a J.P. Morgan Chase account controlled by M.C. in

7  Beverly Hills, California, within the Central District of California,

8  by means of an interstate wire communication, to a Wells Fargo

9  Account ending in 6140 in the name of defendant.

SENTENCING FACTORS

11     11.  Defendant understands that in determining defendant's

12  sentence the Court is required to calculate the applicable Sentencing

13  Guidelines range and to consider that range, possible departures

14  under the Sentencing Guidelines, and the other sentencing factors set

15  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

16  Sentencing Guidelines are advisory only, that defendant cannot have

17  any expectation of receiving a sentence within the calculated

18  Sentencing Guidelines range, and that after considering the

19  Sentencing Guidelines and the other § 3553(a) factors, the Court will

20  be free to exercise its discretion to impose any sentence it finds

21  appropriate up to the maximum set by statute for the crime of

22  conviction.

23     12.  Defendant and the USAO agree to the following applicable

24  Sentencing Guidelines factors:

25  Base Offense Level:                    7                [U.S.S.G. § 2B1.1]

26  Specific Offense
    Characteristics

27

   Sophisticated Means                   +2        [U.S.S.G. § 2B1.1(b)(10)]

28

8

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.   The right to persist in a plea of not guilty.

   b.   The right to a speedy and public trial by jury.

   c.   The right to be represented by counsel –– and if necessary have the court appoint counsel –– at trial.   Defendant understands, however, that, defendant retains the right to be represented by counsel –– and if necessary have the court appoint counsel –– at every other stage of the proceeding.

   d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e.   The right to confront and cross-examine witnesses against defendant.

   f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

1    g.    The right not to be compelled to testify, and, if

2    defendant chose not to testify or present evidence, to have that

3    choice not be used against defendant.

4    h.    Any and all rights to pursue any affirmative defenses,

5    Fourth Amendment or Fifth Amendment claims, and other pretrial

6    motions that have been filed or could be filed.

7    WAIVER OF APPEAL OF CONVICTION

8    16.    Defendant understands that, with the exception of an appeal

9    based on a claim that defendant's guilty plea was involuntary, by

10   pleading guilty defendant is waiving and giving up any right to

11   appeal defendant's conviction on the offense to which defendant is

12   pleading guilty.

13   LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

14   17.    Defendant agrees that, provided the Court imposes a total

15   term of imprisonment on all counts of conviction of no more than 71

16   months, defendant gives up the right to appeal all of the following:

17   (a) the procedures and calculations used to determine and impose any

18   portion of the sentence; (b) the term of imprisonment imposed by the

19   Court; (c) the fine imposed by the court, provided it is within the

20   statutory maximum; (d) the term of probation or supervised release

21   imposed by the Court, provided it is within the statutory maximum;

22   and (e) any of the following conditions of probation or supervised

23   release imposed by the Court: the conditions set forth in General

24   Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

25   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

26   18.    The USAO agrees that, provided (a) all portions of the

27   sentence are at or below the statutory maximum specified above and

28   (b) the Court imposes a term of imprisonment of no less than 57

1   months, the USAO gives up its right to appeal any portion of the

2   sentence, with the exception that the USAO reserves the right to

3   appeal the amount of restitution ordered.

4                  RESULT OF WITHDRAWAL OF GUILTY PLEA

5        19.  Defendant agrees that if, after entering a guilty plea

6   pursuant to this agreement, defendant seeks to withdraw and succeeds

7   in withdrawing defendant's guilty plea on any basis other than a

8   claim and finding that entry into this plea agreement was

9   involuntary, then (a) the USAO will be relieved of all of its

10  obligations under this agreement; and (b) should the USAO choose to

11  pursue any charge that was either dismissed or not filed as a result

12  of this agreement, then (i) any applicable statute of limitations

13  will be tolled between the date of defendant's signing of this

14  agreement and the filing commencing any such action; and

15  (ii) defendant waives and gives up all defenses based on the statute

16  of limitations, any claim of pre-indictment delay, or any speedy

17  trial claim with respect to any such action, except to the extent

18  that such defenses existed as of the date of defendant's signing this

19  agreement.

20               RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21       20.  Defendant agrees that if the count of conviction is

22  vacated, reversed, or set aside, both the USAO and defendant will be

23  released from all their obligations under this agreement.

24                  EFFECTIVE DATE OF AGREEMENT

25       21.  This agreement is effective upon signature and execution of

26  all required certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney.

28

BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing

12

1    occurred prior to the breach); (ii) the agreed to factual basis

2    statement in this agreement; and (iii) any evidence derived from such

3    statements, shall be admissible against defendant in any such action

4    against defendant, and defendant waives and gives up any claim under

5    the United States Constitution, any statute, Rule 410 of the Federal

6    Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

7    Procedure, or any other federal rule, that the statements or any

8    evidence derived from the statements should be suppressed or are

9    inadmissible.

10                 COURT AND PROBATION OFFICE NOT PARTIES

11        24.   Defendant understands that the Court and the United States

12   Probation Office are not parties to this agreement and need not

13   accept any of the USAO's sentencing recommendations or the parties'

14   agreements to facts or sentencing factors.

15        25.   Defendant understands that both defendant and the USAO are

16   free to: (a) supplement the facts by supplying relevant information

17   to the United States Probation Office and the Court, (b) correct any

18   and all factual misstatements relating to the Court's Sentencing

19   Guidelines calculations and determination of sentence, and (c) argue

20   on appeal and collateral review that the Court's Sentencing

21   Guidelines calculations and the sentence it chooses to impose are not

22   error, although each party agrees to maintain its view that the

23   calculations in paragraph 12 are consistent with the facts of this

24   case.   While this paragraph permits both the USAO and defendant to

25   submit full and complete factual information to the United States

26   Probation Office and the Court, even if that factual information may

27   be viewed as inconsistent with the facts agreed to in this agreement,

28

                                    13

1    this paragraph does not affect defendant's and the USAO's obligations

2    not to contest the facts agreed to in this agreement.

3         26.   Defendant understands that even if the Court ignores any

4    sentencing recommendation, finds facts or reaches conclusions

5    different from those agreed to, and/or imposes any sentence up to the

6    maximum established by statute, defendant cannot, for that reason,

7    withdraw defendant's guilty plea, and defendant will remain bound to

8    fulfill all defendant's obligations under this agreement.  Defendant

9    understands that no one -- not the prosecutor, defendant's attorney,

10   or the Court -- can make a binding prediction or promise regarding

11   the sentence defendant will receive, except that it will be within

12   the statutory maximum.

13                        NO ADDITIONAL AGREEMENTS

14        27.   Defendant understands that, except as set forth herein,

15   there are no promises, understandings, or agreements between the USAO

16   and defendant or defendant's attorney, and that no additional

17   promise, understanding, or agreement may be entered into unless in a

18   writing signed by all parties or on the record in court.

19   //

20   //

14

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       28.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    SANDRA R. BROWN
     Acting United States Attorney

9

10   _____        _9/26/2017_____
     POONAM G. KUMAR                         Date
11   Assistant United States Attorney

12   _____        _9/26/17_____
     GABRIEL MARTIN REED                     Date
13   Defendant

14   _____        _9/26/17_____
     CHRISTOPHER MULDER                      Date
15   Attorney for Defendant Gabriel Reed

16

                     CERTIFICATION OF DEFENDANT
17
         I have read this agreement in its entirety.  I have had enough
18
     time to review and consider this agreement, and I have carefully and
19
     thoroughly discussed every part of it with my attorney.  I understand
20
     the terms of this agreement, and I voluntarily agree to those terms.
21
     I have discussed the evidence with my attorney, and my attorney has
22
     advised me of my rights, of possible pretrial motions that might be
23
     filed, of possible defenses that might be asserted either prior to or
24
     at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
25
     of relevant Sentencing Guidelines provisions, and of the consequences
26
     of entering into this agreement.  No promises, inducements, or
27
     representations of any kind have been made to me other than those
28

                                    15

1   contained in this agreement.  No one has threatened or forced me in

2   any way to enter into this agreement.  I am satisfied with the

3   representation of my attorney in this matter, and I am pleading

4   guilty because I am guilty of the charge and wish to take advantage

5   of the promises set forth in this agreement, and not for any other

6   reason.

7   _____          ___9/26/17_____

8   GABRIEL MARTIN REED                       Date
    Defendant

9

10              CERTIFICATION OF DEFENDANT'S ATTORNEY

11      I am Gabriel Martin Reed's attorney.  I have carefully and

12  thoroughly discussed every part of this agreement with my client.

13  Further, I have fully advised my client of his rights, of possible

14  pretrial motions that might be filed, of possible defenses that might

15  be asserted either prior to or at trial, of the sentencing factors

16  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

17  provisions, and of the consequences of entering into this agreement.

18  To my knowledge: no promises, inducements, or representations of any

19  kind have been made to my client other than those contained in this

20  agreement; no one has threatened or forced my client in any way to

21  enter into this agreement; my client's decision to enter into this

22  agreement is an informed and voluntary one; and the factual basis set

23  forth in this agreement is sufficient to support my client's entry of

24  a guilty plea pursuant to this agreement.

25  _____          ___9/26/17_____

26  CHRISTOPHER MULDER                        Date
    Attorney for Defendant Gabriel

27  Martin Reed

28

                                16